IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **RICHARD A. SMITH, JR.**,<br><br>               Petitioner,<br><br>v.<br><br>**B.M. ANTONELLI, Complex Warden, FCI Hazelton,**<br>**F. ENTZEL, Warden, FCI Hazelton, and**<br>**E. GARCIA, Acting Warden, FCI Hazelton,**<br><br>               Respondents. | Civil Action No.: 3:19-CV-115<br>(GROH) |

**REPORT AND RECOMMENDATION[1]**

### I.    INTRODUCTION

On July 15, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate housed at FCI Hazelton who is challenging the validity of his sentence imposed in the United States District Court for the Northern District of West Virginia.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] Unless otherwise noted, ECF citations refer to the instant case, 3:19-CV-115.

## II. FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction and Sentence

On May 11, 2001, Petitioner was convicted of various drug and firearm offenses by a jury in the Northern District of West Virginia as charged in Counts 1, 5, 39, 40, 41, 44, 45 and 46 of a second superseding indictment[3] filed August 8, 2000. ECF Nos. 203, 519.

On March 20, 2002, Petitioner was sentenced to an aggregate sentence of 646 months. ECF No. 778. The aggregate sentence was comprised of three sentences which were to be served concurrently with one another: 262 months of imprisonment as to Counts 1, 40, and 41; 120 months as to Counts 5 and 44; and 36 months as to Count 45. Id. Additionally, the Court imposed two consecutive sentences of 84 months as to Count 39, and 300 months as to Count 46. Id. finally, the sentence imposed for Count 46 was ordered to be served consecutively to both the sentence for Count 39 and the concurrent sentences for Counts 1, 5, 40, 41, 44 and 45. Id. An Amended Judgment[4] was later entered. ECF No. 1559.

### B. Direct Appeal

On March 25, 2002, Petitioner filed a notice of appeal. ECF No. 784. The case was docketed in the United States Court of Appeals for the Fourth Circuit as case

---

[2] Unless otherwise noted, All CM/ECF references in sections II.A. through II.D. refer to entries in the docket of Criminal Action No. 2:00-CR-7 in the Northern District of West Virginia, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Petitioner was one of 20 co-defendants charged in the same superseding indictment.

[4] That Amended Judgment is discussed more fully in Section II.D. herein.

number 02-4260.  On November 26, 2002, the Fourth Circuit affirmed the judgment of the sentencing court in an unpublished per curiam opinion.  ECF No. 844.

### C. 28 U.S.C. § 2255 Motions, other Post-Conviction Relief Requests and Appeals Thereof

Petitioner filed a motion[5] to vacate, set aside or correct sentence under § 2255 on August 2, 2004.  ECF No. 943.  In his motion and attachments thereto, Petitioner raised two[6] claims for relief: (1) that he received ineffective assistance of counsel; and (2) that the grand jury failed to provide certification necessary for jurisdiction.  Id.

On December 23, 2004, United States Magistrate Judge John S. Kaull recommended that the District Court deny Petitioner's § 2255 motion.  ECF No. 958.  On February 8, 2005, Petitioner filed a "Request that this Motion be Construed as a Motion to Amend Under Rule 15(c)".  ECF No. 963.  A second Report and Recommendation was issued on February 22, 2005, which also addressed Petitioner's motion to amend.  ECF No. 967. The court found that none of Petitioner's eight ineffective assistance of counsel claims had merit.  Id.  Further, the Court found that Petitioner's claims regarding: (1) the grand jury's improper return of the indictment, (2) Petitioner's actual innocence claim; and (3) that Petitioner's claim that his state sentence violated Blakely v. Washington were meritless.  Id.  On May 19, 2005, the District Court adopted the Report and Recommendation.  ECF No. 978.

Thereafter, Petitioner filed various other motions for post-conviction relief.  ECF Nos. 982, 994, 995, 1018, 1020, 1021, 1022, 1024, 1025, 1026, 1027.  Those motions

---

[5] The motion was also docketed as ECF No. 1 in civil action number 2:04-CV-50.

[6] In his motion Petitioner asserts those two claims set forth above.  In the attachments to his motion, Petitioner asserts a total of eight claims, all of which are variations on his first claim related to ineffective assistance of counsel.  ECF No. 943.

3

were denied by orders entered in 2006. ECF Nos. 1052, 1053, 1054, 1055, 1056, 1057.

On September 5, 2006, Petitioner filed a second motion[7] to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 1047. United States Magistrate Judge James E. Seibert issued a Report and Recommendation on November 11, 2007, which recommended that the District Court deny with prejudice the § 2255 motion, as a second or successive motion filed without authorization. ECF No. 1070. The District Court adopted the recommendation in an order entered December 17, 2007. ECF No. 1090.

Petitioner challenged his sentence seeking retroactive application of the sentencing guidelines as to crack cocaine by motions filed on January 28, 2008, and March 4, 2008. ECF Nos. 1093, 1097. Petitioner next filed an additional motion [ECF No. 1106] and other pleadings [ECF Nos. 1108, 1115, 1116] in support of his request to be resentenced. The Court, on April 18, 2008, denied both of Petitioner's motions [ECF Nos. 1093, 1097, 1106] for retroactive application of the guidelines and for other relief. ECF No. 1118. The Court further denied Petitioner's motion for a certificate of appealability on July 28, 2008. ECF No. 1129.

Petitioner filed a petition for relief from judgment and to reopen the § 2255 proceedings on October 27, 2008. ECF no. 1144. The Court denied Petitioner's motion by order entered March 2, 2009. ECF No. 1167.

Petitioner sought a certificate of appealability on March 26, 2009, which motion was denied on March 27, 2009. ECF Nos. 1179, 1182. Petitioner also filed a notice of

---

[7] The motion was also docketed as ECF No. 1 in civil action number 2:06-CV-88.

4

intent to appeal. ECF No. 1180. The Fourth Circuit, by order entered October 6, 2009, in that court's case number 09-6573, denied Petitioner a certificate of appealability and dismissed his appeal. ECF No. 1235.

On November 3, 2009, Petitioner's sentence was reduced as a result of an amendment to the Guideline range, pursuant to U.S.S.G. § 1B1.10. ECF No. 1244. The sentence was reduced to 240 months of imprisonment on Count 1, 210 months on Counts 40 and 41, concurrent with each other, for an amended effective sentence of 624 months. Id. Petitioner filed a notice of intent to appeal on November 12, 2009. ECF No. 1248. By unpublished per curiam opinion issued October 8, 2010, the Fourth Circuit, in that court's case number 09-8091, affirmed the order of the District Court. ECF No. 1281.

On January 17, 2012, the Court ordered that no sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was merited, and that all provisions of the March 20, 2002 judgment would remain in effect. ECF No. 1300. Petitioner filed two additional appeals of various actions of the district court with the Fourth Circuit in that court's docket numbers 14-7118 and 14-7247. ECF Nos. 1377, 1380, 1395, 1399. By unpublished per curiam opinions issued on November 21, 2014, both appeals were dismissed. ECF Nos. 1439, 1441. In the dismissal order for 14-7118, the Fourth Circuit noted that Petitioner challenged his sentence more than twelve years beyond the expiration of the appeal period. ECF No. 1439. In the dismissal order for 14-7247, the Fourth Circuit noted that to the extent that Petitioner sought to appeal the district court's order construing his 12(b)(3) motion as a successive and unauthorized § 2255 motion, the

order was not appealable without a certificate of appealability, which no justice or judge had issued.  ECF No. 1441.

Petitioner filed a motion for a default judgment on December 29, 2014, which motion was denied by order entered December 30, 2014.  ECF Nos. 1450, 1452.  Petitioner appealed to the Fourth Circuit on January 5, 2015, in that court's docket number 15-6015.  ECF Nos. 1453, 1458.  By unpublished per curiam opinion issued April 21, 2015, the Fourth Circuit denied Petitioner a certificate of appealability, and dismissed in part the appeal.  ECF No. 1473.   The remainder of the appeal was affirmed based on Petitioner's forfeiture of appellate review.  Id. at 2.

Petitioner next filed a motion for compassionate release on April 27, 2015, which motion was denied by order entered on April 28, 2015.  ECF Nos. 1475, 1477.  On November 9, 2015, Petitioner filed a motion to cure error in judgment.  ECF No. 1500.  The district court denied Petitioner's motion on November 12, 2015.  ECF No. 1501.

Petitioner filed another motion for relief and later appealed the denial of the requested relief on October 26, 2015, when he filed a pro se motion to compel the release of exculpatory documents.  ECF No. 1497.  By order entered February 22, 2016, the district court denied Petitioner's motion to compel.  ECF No. 1509.  On April 1, 2016, Petitioner filed a notice of appeal to the Fourth Circuit, in that court's case number 16-6480. ECF Nos. 1513, 1516.  The Fourth Circuit, by unpublished per curiam opinion issued on October 4, 2016, dismissed the appeal as an unauthorized second or successive § 2255 motion.  ECF No. 1523.

On February 2, 2017, Petitioner filed a motion to reduce sentence. ECF No. 1527. The Court denied Petitioner's motion by order entered February 23, 2017. ECF No. 1531.

### D. Amended Judgment Pursuant to the First Step Act

Petitioner filed another motion to reduce sentence pursuant to the First Step Act of 2018, on April 10, 2019. ECF No. 1553. Following the appointment of counsel, Petitioner filed a motion for reduced sentence on April 23, 2019. On May 9, 2019, the Government filed a response in support of Petitioner's motion. ECF No. 1556. The Court entered an order granting Petitioner's unopposed motion for reduction of sentence on May 23, 2019. ECF No. 1557.

Consistent with that order, on May 30, 2019, an Amended Judgment was entered by Senior Judge Frederick P. Stamp. ECF No. 1559. That Amended Judgment was for an aggregate sentence of 504 months. Id. The sentence was comprised of three sentences which were to be served concurrently with one another: 120 months as to Counts 1, 40, and 41; 120 months as to Counts 5 and 44; and 36 months as to Count 45. Id. Petitioner was also sentenced to two additional sentences which were to be served consecutively to one another and to all other counts: 84 months as to Count 39; and 300 months as to Count 46. Id. The difference between the Amended Judgment and the initial judgment was the initial 262-month term of imprisonment as to Counts 1, 40 and 41 was reduced to 120 months in the Amended Judgment. Id.

E. **Instant § 2241 Petition**

This § 2241 petition was filed on July 15, 2019. ECF No. 1. Therein, Petitioner challenges his 646-month sentence imposed in this District on March 14, 2002. ECF No. 1 at 1, 2.

Petitioner's sole ground for relief is that his March 14, 2002 sentence was a "stacked 924(c) sentence". Id. at 5. Petitioner asserts that his argument is augmented by some "attached" document, however, no document was attached to or filed in conjunction with his petition. ECF No. 1 at 5. In his request for relief, Petitioner asserts that he wants "the 25 year 'stacking' sentence vacated" and immediate release. Id. at 8.

### III. LEGAL STANDARDS

A. **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. **Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."

Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. See <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

---

[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

11

>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Although Petitioner challenges his March 14, 2002 sentence, that sentence was superseded by the Amended Judgment entered May 30, 2019. To the extent that Petitioner seeks to have the sentence imposed in the Amended Judgment vacated and to be re-sentenced, it is improper to do so through the filing of a petition for habeas corpus under § 2241.

As noted above, Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction. Petitioner was convicted in the Northern District of West Virginia, and had he filed a petition pursuant to § 2255, it would have been filed in the proper jurisdiction. However, Petitioner filed for relief pursuant to § 2241, which statute is generally

intended to address the execution of a sentence, rather than its validity. And since Petitioner is incarcerated in this district, he filed it in the proper district.

Nonetheless, this Court does not retain jurisdiction of Petitioner's claims for relief. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitation for a prisoner to challenge his federal custody. Petitioner was most recently sentenced on May 30, 2019 in 2:00-CR-7-1, ECF No. 1559. Accordingly, in order to challenge his federal custody, Petitioner would have until May 29, 2020, to file a petition pursuant to § 2255 in order to challenge his federal custody and it is improper for this Court to consider any petition filed under § 2241 during this one-year period. Section § 2255(f) governs the finality of judgments.

The Fourth Circuit has recognized that a challenge to federal custody issued pursuant to an amended judgment is timely when filed within one year of the issuance of the amended judgment. In United States v. Jones, 681 F. App'x 294 (4th Cir. 2017), the Court "joined the chorus of [its] sister circuits in finding that when a habeas petition is the first to challenge a new judgment, it is not second or successive . . . regardless of whether it challenges the sentence or the underlying conviction."

Because Petitioner's claims cannot currently be considered under § 2241, this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 4, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE